UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA KNIGHT, Individually and as
Executor of the ESTATE OF LORRAINE                         **REPORT AND**
BENNING,                                                   **RECOMMENDATION**
                              Plaintiff,

v.                                                         13-CV-01217-WMS-JJM

ERIE INSURANCE COMPANY a/k/a
ERIE INSURANCE GROUP,


                              Defendant.
_____

BRIAN LAMAR PONDER,

                              Plaintiff,                   17-CV-00028-WMS-JJM

v.

ERIE INSURANCE COMPANY, et al.,

                              Defendants.
_____

          Attorney Brian Lamar Ponder, the plaintiff in the second captioned action (the

"Ponder action"), moves to consolidate these two actions pursuant to Fed. R. Civ. P. ("Rule")

42(a) and, upon consolidation, to reopen the first captioned action (the "Knight action"). Ponder

action [51]; Knight action [34].[1] For the following reasons, I recommend that both motions be

denied.

_____
[1]       Bracketed references are to CM/ECF docket entries in the respective actions. The identical
motion has been filed in both actions.

**ANALYSIS**

**A.      Consolidation**

"[C]onsolidation under [Rule] 42(a) is a device constricted in scope to multiple cases pending in the same district." <u>Italian Colors Restaurant v. American Express Co.</u>, 2003 WL 22682482, *7 (N.D. Cal. 2003). However, the Knight action was terminated on March 25, 2014 [14], and is no longer pending. Therefore, the motion for consolidation cannot be entertained. *See* <u>Shelton v. MRIGlobal</u>, 2014 WL 793464, *2 (D. Colo. 2014) ("Here, *DesignSense I* was closed in its entirety and final judgment was entered on July 9, 2013 . . . . Therefore, as the case is closed and the final judgment has not been vacated, *DesignSense I* is not properly considered a pending case for the purposes of [Rule] 42(a). Thus, the Court has no mechanism to consolidate the closed *DesignSense I* with the pending *DesignSense II*"); <u>St. Charles Tower, Inc. v. County of Franklin, MO</u>, 2010 WL 743594, *8 (E.D. Mo. 2010). Therefore, I recommend that the motion for consolidation be denied.

**B.      Reopening**

Mr. Ponder seeks to reopen the Knight action in connection with the consolidation of the two actions. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding". Since Mr. Ponder is neither a party to the Knight action nor the legal representative of a party, he lacks standing to reopen that action. *See* <u>Mobay Chemical Co. v. Hudson Foam Plastics Corp.</u>, 277 F. Supp. 413, 416 (S.D.N.Y. 1967) ("the phrase 'legal representative' as used in Rule 60(b) does not include legal counsel within the context of the attorney-client relationship, and, therefore, cannot provide a basis of standing for movant"); 11 Wright, Miller, *et al.* <u>Federal Practice & Procedure (Civil)</u>

§2865 (3d ed.) ("one who was not a party lacks standing to make the motion, nor may an attorney for a party move in his own name").

Even if he had standing, Mr. Ponder fails to advance any legal basis for reopening the Knight action, particularly in light of the fact that his prior motion to reopen that action was denied. *See* my September 28, 2015 Report and Recommendation [32], adopted by Judge Skretny without objection [33]. Therefore, I recommend that the motion to reopen the Knight action be denied.

## C.    A Warning

The most cursory review of applicable legal authority would have made clear to Mr. Ponder that these motions lacked even the proverbial "snowball's chance in hell" of succeeding. While the parties were not burdened by having to address them, I was - and frankly, I have better things to do. While I could order Mr. Ponder to show cause why he should not be sanctioned pursuant to Rule 11(c)(3), I will not do so - this time. Instead, I will simply urge him to be more careful in the future.

## CONCLUSION

For these reasons, I recommend that Mr. Ponder's motions (Ponder action [51]; Knight action [34]) be denied.  Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by March 15, 2017. Any requests for extension of this deadline must be made to Judge Skretny.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:  March 1, 2017

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge